UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MALIK FLOWERS,

    Plaintiff,

v.

SCO B. WHEELER, et al.,

    Defendants.

Civ. No. 18-8315 (PGS-DEA)

MEMORANDUM

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Defendants B. Wheeler's, Lett-Brown's, and K. Brady's motion to dismiss Plaintiff Malik Flowers' complaint. (ECF No. 4) and Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 8). For the following reasons, the motion to dismiss is granted. Plaintiff's motion is denied.

## II. BACKGROUND

Plaintiff is currently a prisoner at New Jersey State Prison ("NJSP") in Trenton, New Jersey. He filed a complaint in Mercer County Superior Court, which defendants removed to federal court on April 25, 2018. (ECF No. 1).

Plaintiff alleges defendants, Officers B. Wheeler, Lett-Brown, and K. Brady, have been engaging in "deceptive practices." Compl. ¶ 1. He alleges Wheeler, Lett-Brown, and Brady allowed another inmate to sign for his legal mail on August 31 and October 13, 2017. *Id.* ¶¶ 6-8. Plaintiff has also seen Wheeler and Lett-Brown "sitting in the control booth kicked back reading inmates news papers [sic] and magazines." *Id.* ¶ 10. He also alleges he has observed Wheeler and Lett-Brown reading legal mail, but he does not state whose legal mail they allegedly read. *Id.* ¶

11. He asserts he "incurred harm and injury as a direct result of Defendant Wheeler and Lett-Brown handling and processing of his mail, and in particular was denied access to Court and may eventually lose [his] valid claim for relief from his criminal conviction." *Id.* ¶ 12.

Plaintiff filed a motion for temporary restraining order ("TRO") and preliminary injunction on May 31, 2018. (ECF No. 8). He argues the Defendants "initiated a vicious harassment and retaliation campaign against Plaintiff for his involvement in constitutionally protected activity . . . ." *Id.* at 3. He alleges he was relocated to another compound from his housing unit and that Officer Wheeler threatened Plaintiff's potential witnesses. *Id.*

The Court conducted oral argument on August 8, 2018. Plaintiff submitted written opposition to the motion to dismiss, (ECF No. 11), and appeared at oral argument by telephone.

### III. LEGAL STANDARDS

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances[,]" *Novartis Consumer Health v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). The decision to grant a preliminary injunction is within the sound discretion of the district court. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see, e.g., Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1334 (Fed. Cir. 2006); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). "The Court examines the following four factors in determining whether injunctive relief should be granted: (1) whether the movant has shown a reasonable likelihood of success on the merits; (2) whether the movant will be irreparably harmed by denial of the injunctive relief sought; (3) whether the injury to the movant in the absence of injunctive relief outweighs the possible harm to the non-movant if the injunction is granted; and (4) the impact of a preliminary injunction on the public interest." *ADP, LLC v. Jacobs*, 2015 U.S. Dist. LEXIS 103207, *8, 2015 WL 4670805 (D.N.J. Aug. 5, 2015) (citing *Abbott Labs.*, 452 F.3d at 1334). The movant bears the burden of showing that the injunction sought should be issued. *Id.* "A movant cannot be granted a preliminary injunction unless it establishes both of the first two factors, *i.e.*, likelihood of success on the merits and irreparable harm. [ ] However, the Court must generally weigh all four factors in determining whether to grant an injunction." *Id.* (citations omitted).

## IV. DISCUSSION

**A. Interference with Legal Mail**

Plaintiff alleges defendants allowed other inmates to sign for his legal mail and that he has observed Wheeler and Lett-Brown reading legal mail. Compl. ¶¶ 6-8, 11. He does not state whose mail Wheeler and Lett-Brown allegedly read. *Id.* ¶ 11.

The Constitution permits prisons to restrict prisoners' right to send and receive mail for legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, "prisoners, by virtue of their incarceration, 'do not forfeit their First Amendment right to use of the mails,' and . . . a 'pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech.'" *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006) (quoting *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995)) (alteration in original). Prisoners' legal mail is accorded heightened protection because "opening properly marked court mail . . . chills protected expression and may inhibit the inmate's ability to speak, protest, and complain openly, directly, and without reservation with the court." *Id.* at 358-59 (internal quotation marks omitted). Generally, isolated incidents of interference with legal mail are not actionable under the First Amendment absent evidence of an improper motive or evidence of injury. *See, e.g., Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012). However, prisoners need not establish an actual injury when there is a pattern and practice of opening properly marked incoming legal mail outside an inmate's presence. *Jones*, 461 F.3d at 359. *See also Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (per curiam). "[R]eading legal mail would appear to infringe the right of access even more than simply opening and inspecting it." *Bieregu*, 59 F.3d at 1456.

4

Plaintiff has not sufficiently pled an interference with mail, legal or otherwise, claim. He does not allege he saw Defendants reading his mail, and he has not alleged any injuries from the isolated incidents where his legal mail was mistakenly delivered to the wrong person. The allegations that the mail was not being handled in a "proper and professional manner" is too vague to survive a motion to dismiss. Compl. ¶ 9. Plaintiff shall be given an opportunity to amend his complaint, however.

**B. Access to the Courts**

Defendants argue Plaintiff has failed to state a First Amendment access to the courts claim. Access to the courts claims fall into two general categories. "In the first are claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). "The second category covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future. The official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a meritorious case." *Id.* at 413–14. "The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.* at 414. It appears Plaintiff is alleging the first kind of claim as Plaintiff states he "may eventually lose [his] valid claim for relief from his criminal conviction." Compl. ¶ 12.

Plaintiff's complaint lacks sufficient factual basis to state a claim. The complaint does not contain any information whatsoever about what how defendants' actions impeded Plaintiff's access to the court and does not provide enough information about his claim. *See Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (noting that the complainant "must describe the

underlying arguable claim well enough to show that it is 'more than mere hope'"). Even accepting all the facts in the complaint as true, the face of the complaint does not state a valid access to the courts claim.

**C. Temporary Restraining Order and Preliminary Injunction**

To secure the extraordinary relief of a preliminary injunction, Plaintiff must demonstrate "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *KOS Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir.2004). All four elements must be satisfied in order to grant the injunction. *Roberts v. Ferman*, 448 F. App'x 254, 256 (3d Cir.2011). Here, Plaintiff's motion fails on the first factor. Plaintiff has not demonstrated a likelihood of success on the merits because his complaint has failed to state a claim upon which relief may be granted.

**D. Leave to Amend**

As Plaintiff may be able to provide the facts necessary to correct the deficiencies identified by the Court, he may move to amend his complaint within 45 days of this opinion and order. Any motion to amend must include a proposed amended complaint.

## V. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is granted and the complaint is dismissed without prejudice. Plaintiff's motion for a temporary restraining order and preliminary injunction is denied. Plaintiff may move to amend his complaint within 45 days of this Opinion and Order.

An appropriate order follows.

DATED: 9/25, 2018

PETER G. SHERIDAN
United States District Judge