NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| MALIK FLOWERS, | : | |
|---|---|---|
| Plaintiff, | : | Civ. No. 18-8315 (PGS-DEA) |
| v. | : | |
| SCO B. WHEELER, et al., | : | MEMORANDUM |
| Defendants. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to amend filed by Plaintiff Malik Flowers. (ECF No. 18). Defendants did not file any opposition to the motion. For the following reasons, the motion is granted in part.

**I.**

Plaintiff is currently a prisoner at New Jersey State Prison ("NJSP") in Trenton, New Jersey. He filed a complaint in Mercer County Superior Court, which defendants removed to federal court on April 25, 2018. (ECF No. 1). Plaintiff alleges defendants, Officers B. Wheeler, Lett-Brown, and K. Brady, have been engaging in "deceptive practices." (Compl. ¶ 1). He alleges Wheeler, Lett-Brown, and Brady allowed another inmate to sign for his legal mail on August 31 and October 13, 2017. (*Id.* ¶¶ 6-8). He also alleges he has observed Wheeler and Lett-Brown reading legal mail, but he does not state whose legal mail they allegedly read. (*Id.* ¶ 11). He asserts he "incurred harm and injury as a direct result of Defendant Wheeler and Lett-Brown

handling and processing of his mail, and in particular was denied access to Court and may eventually lose [his] valid claim for relief from his criminal conviction." (*Id.* ¶ 12).

Defendants filed a motion to dismiss the complaint, which the Court granted on September 27, 2018. (ECF No. 17). The Court granted leave for Plaintiff to file a motion to amend his complaint. (*Id.*). Plaintiff filed a proposed amended complaint without an accompanying motion. (ECF No. 18). Defendants filed a request for clarification, (ECF No. 19), and the Court ordered the Clerk to designate the proposed amended complaint as a motion to amend, (ECF No. 20). Defendants did not file written opposition to the motion.

The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As Plaintiff's time to amend his complaint as of right has expired and Defendants have not submitted their written consent to amendment, Plaintiff must have leave of Court to amend.

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.*

2

### III.

Plaintiff's motion to amend adds to his allegations that defendants retaliated against him after he filed grievances against them. He also seeks to amend his access to the courts claim that was dismissed without prejudice by the Court. The Court will permit his retaliation claims, Counts Two through Four, to proceed. Count One, his access to the courts claim, will be dismissed.

In Count One, Plaintiff alleges defendants interfered with his access to the courts by seizing and destroying his legal material. (ECF No. 18 at 13). Plaintiff has failed to allege what kind of evidence was seized and how that evidence is critical to a nonfrivolous legal claim; Plaintiff refers to it only as "legal material related to evidence being used to advance a challenge in a collateral challenge to Plaintiff's criminal conviction." (*Id.* ¶ 62). "[P]risoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (quoting *Christopher v. Harbury*, 536 U.S. 403, 416-17 (2002)) (holding that a failure to plead facts "demonstrating that the claims were nonfrivolous" was insufficient to state a claim). The Court dismisses Count One as futile.

Plaintiff has provided sufficient factual allegations for his claims of retaliation to proceed at this time. The Clerk shall be instructed to file the amended complaint.

### IV.

For the reasons stated above, the motion to amend is granted in part. An appropriate order follows

DATED: April 29, 2019

_____
PETER G. SHERIDAN
United States District Judge